Argued March 5, affirmed April 25, 1962

# STATE OF OREGON v. CRATER
### 370 P. 2d 700

*Hayes P. Lavis,* Portland, argued the cause for appellant. On the briefs were Van Hoomissen & Lavis and Arnold B. Silver.

*Charles R. Harvey,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Charles E. Raymond, District Attorney for Multnomah County.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and O'CONNELL, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of conviction of the crime of assault and robbery being armed with a dangerous weapon, in violation of ORS 163.280.

The state established that at approximately 10:30 p.m., on October 13, 1957, a Safeway Store on Foster Street in Portland, Oregon, was robbed by a man armed with a weapon. The state's case was presented upon the theory that the actual robbery was committed by defendant's brother, Edward Crater, and that defendant participated in the robbery as a principal by driving the getaway car and by sharing in the proceeds of the crime. Defendant attempted to establish that he was in California on the day of the alleged crime.

On August 12, 1958, defendant and his brother Edward were arrested by the Los Angeles police. They were subjected to questioning by police officers on August 14, 1958. A part of their conversation during this questioning was recorded on tape. According to the state's witnesses, officers Vietti and O'Donnell of the Los Angeles police department who conducted the questioning, a transcript was made of that tape recording. At the trial, both officers were permitted to use the transcript to refresh their recollection of the conversation of August 14th. According to the testimony of these officers, the defendant and his brother admitted committing the crime charged in the present case.

■ The first assignment of error is that there was not sufficient evidence to establish that the defendant had made an admission of guilt in the conversation on August 14. Defendant relies upon ORS 136.540 (2), which provides as follows:

"(2) Evidence of a defendant's conduct in relation to a declaration or act of another, in the

presence and within the observation of the defendant, cannot be given when the defendant's conduct occurred while he was in the custody of a peace officer unless the defendant's conduct affirmatively indicated his belief in the truth of the matter stated or implied in the declaration or act of the other person."

Defendant argues that there was no evidence that he "affirmatively indicated his belief in the truth" of statements made by his brother admitting the joint participation of the two in the commission of the crime. The officers testified that defendant indicated affirmation of his brother's statements by saying "Yeah" or "Uh-Huh" or by nodding his head. Defendant contends that the state must establish affirmation by more specific evidence. We hold that the evidence was sufficient to satisfy the requirements of ORS 136.540 (2).

■ Under the second assignment of error defendant contends that the testimony of officers Vietti and O'Donnell was not properly admitted because they were permitted to refresh their memory from an uncertified transcript of a tape recording.

The state attempted to introduce the transcript into evidence but the trial court sustained defendant's objection to its admission, apparently on the ground that it failed to meet the requirements of ORS 45.580.[1] This attempt was made after the state had elicited

---

[1] ORS 45.580 reads as follows:

"A witness is allowed to refresh his memory respecting a fact by anything written by himself, or under his direction, at the time when the fact occurred or immediately thereafter or at any other time when the fact was fresh in his memory and he knew that it was correctly stated in the writing; but in either case the writing must be produced, and may be inspected by the adverse party, who may, if he chooses, cross-examine the witness upon it, and read it to the jury. The witness may testify from that writing, though he retains no recollection of the particular facts; but the evidence shall be received with caution."

from officer Vietti testimony which summarized the conversation held on August 14. Vietti was then asked if he had read the transcript. He replied: "Prior to this time? Yes, I have." He was also asked, "Have you refreshed your memory from this document?" to which he replied in the affirmative. O'Donnell testified in similar fashion. No objection was made to O'Donnell's testimony. Nor was there any objection to Vietti's testimony recounting the conversation.

There is no rule of evidence which precludes a witness from testifying merely because he refreshed his recollection from a written document of some kind prior to taking the stand. If it is shown that a witness's testimony consists of matter which he had forgotten and that the recollection of that testimony is made possible only by reference to a writing not prepared by him, the jury is entitled to take into consideration that fact when weighing the witness's testimony and, as preliminary matter, it is within the discretion of the trial court to exclude or strike such testimony if it appears that the witness's mind was not actually refreshed and that he was not, therefore, competent to testify.[②] Defendant did not make the appropriate objections to raise the question of the admissibility of such testimony. The objection cannot be raised for the first time on appeal.

In the final assignment of error it is urged that

---

[②] United States v. Riccardi, 174 F2d 883, 889 (3d Cir 1948); "It is a preliminary question for his [the trial judge's] decision whether the memorandum actually does refresh and from the nature of the memorandum and the witness's testimony he may find that it does not." McCormick, Evidence § 9, p. 17 (1954). See also, State of Oregon v. Kader, 201 Or 300, 270 P2d 160 (1954); State v. Yee Guck, 99 Or 231, 195 P 363 (1921), and State v. Magers, 36 Or 38, 58 P 892 (1899), for a general discussion of the distinction between past recollection recorded and present recollection revived.

518

the trial court erred in permitting the use of the transcription of the tape recording for purposes of impeachment. In cross-examining defendant, counsel for the state read from the transcription and then elicited from defendant his denial that he had made such a statement. No effort was made by the state to authenticate the transcription as a true representation of the tape recording. Defendant contends that through this device of using the transcription for the purpose of impeachment by showing a prior inconsistent statement the state was permitted to get into evidence the contents of a document which had been excluded because it was not authenticated. When defendant's counsel made objection on this ground the trial judge explained: "He is only reading things to which the Officer testified on the stand," whereupon defendant's counsel said "O.K. I withdraw my objection your honor." On appeal defendant reasserts the withdrawn objection, arguing that an inadmissible confession cannot be used for impeachment purposes.[9]

▆ The transcription of the tape recording was inadmissible as a document because the state did not authenticate it. However, the state was not precluded from introducing evidence of the oral confession through other means and this it did through the testimony of officers Vietti and O'Donnell. The state had the burden of showing that the confession was volun-

---

[9] Defendant relies upon the following cases: Very v. Watkins, 23 Howard 469, 16 L Ed 522 (1860); People v. Adams, 1 Ill2d 446, 115 NE2d 774 (1953); People v. Maggio, 324 Ill 516, 155 NE 373 (1927); People v. Sweeney, 304 Ill 502, 136 NE 687 (1922); State of Oregon v. Goodwin, 207 Or 642, 298 P2d 1024 (1956); Pierson v. State, 145 Tex Crim 388, 168 SW2d 256 (1943); Lera v. State of Texas, 138 Tex Crim 127, 134 SW2d 248 (1939); Bell v. State of Texas, 124 Tex Crim 676, 65 SW2d 303 (1933); Lightfoot v. State, 117 Tex Crim 515, 35 SW2d 163 (1931).

tary.[4] The officers who heard the confession testified that no threats or promises were made in obtaining it. The defendant testified that he was coerced. (However, he did not object to the testimony of Vietti and O'Donnell on the ground that the confession was coerced). It was within the discretion of the trial court to determine whether the confession was made voluntarily. Since the court permitted Vietti and O'Donnell to report on the stand the substance of the oral confession, it must be assumed that the court regarded the confession as having been made voluntarily. The confession being admissible, the state was entitled to use it not only as substantive evidence but by way of impeachment.[5]

The present case is clearly distinguishable from the cases relied upon by defendant where the confession was inadmissible because involuntarily made. Certainly the state should not be permitted to get into evidence an inadmissible confession by the device of impeachment. As we said in *State of Oregon v. Goodwin,* 207 Or 642, 645, 298 P2d 1024 (1956): "To hold that a statement, which is in fact inadmissible as a confession, is, nevertheless, admissible as a contradictory statement effectively circumvents the rules governing confessions. It permits evidence to come in through the back door which would be excluded if it attempted to enter at any other place." In the present case the oral confession had already been received in evidence before the state used the confession for impeachment purposes.

[4] State v. Bouse, 199 Or 676, 700, 264 P2d 800, 811 (1953); State v. Linn, 179 Or 499, 507, 173 P2d 305, 308 (1946); State v. Howard, 102 Or 431, 452, 203 P 311, 317 (1921). See also, Annotation, 102 ALR 641 (1936).

[5] Goodwyn v. State, 306 SW2d 357 (Tex 1957). See, 3 Wigmore, Evidence § 1040 (3d ed 1940).

There being no error, the judgment of conviction must be affirmed.

Judgment affirmed.