Argued December 3, affirmed December 31, 1962

# STATE OF OREGON v. HAMMACK
### 377 P. 2d 161

*J. Raymond Carskadon,* Portland, argued the cause and filed a brief for appellant.

*Desmond D. Connall,* Deputy District Attorney for Multnomah County, argued the cause for respondent. On the brief was Charles E. Raymond, District Attorney for Multnomah County, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

PER CURIAM.

The defendant was convicted of burglary, and appeals.

The evidence discloses the defendant and one Inez Guerrera, in the night, drove to a radio business establishment in Portland. Guerrera climbed through a transom and then opened a door through which the defendant entered the building. Together they removed a number of portable radios and television sets.

On their arrest by police officers, and after consultation with their attorney, they advised the officers they were going "to admit their activities  *  *  * clear up what they were involved in." The defendant and Guerrera, and another suspect, then went with the officers into a room where, in the presence of each other, they each made statements concerning the burglary. These statements were later reduced to writing, and defendant and Guerrera each signed a separate statement.

The police officer present who prepared the statements testified that the facts as to the burglary as related by the defendant and Guerrera were "substantially the same."

The defendant's first assignment of error is that the trial court erred in permitting a police officer to testify to statements made by Guerrera in the presence of defendant relative to the defendant's participation in the crime. Defendant relies upon that portion of ORS 136.540, which reads as follows:

"(2) Evidence of a defendant's conduct in relation to a declaration or act of another, in the presence and within the observation of the defendant, cannot be given when the defendant's conduct occurred while he was in the custody of a peace

officer unless the defendant's conduct affirmatively indicated his belief in the truth of the matter stated or implied in the declaration or act of the other person."

We do not see how it could be more firmly established that the defendant indicated his belief in the truth of Guerrera's statements when he confirmed them in his own statement.

The defendant assigns error in three other particulars. These assignments are so lacking in merit we refuse to clutter the reports with any discussion of them.

The judgment of the trial court is affirmed.