Argued March 3, affirmed March 16, petition for rehearing
denied April 20, 1966

## STATE OF OREGON *v.* WALGRAEVE

412 P. 2d 23
413 P. 2d 609

*Oscar D. Howlett,* Portland, argued the cause and filed a brief for appellant.

*Frank D. Knight,* District Attorney, Corvallis, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Goodwin, Denecke and Schwab, Justices.

SCHWAB, J. (Pro Tempore).

The defendant was separately indicted for rape and sodomy, the victim in each instance being the same 27-year old woman. The cases were consolidated for trial as they are on appeal. The defendant appeals from judgments entered upon jury verdicts finding him guilty of rape and attempted sodomy. He makes two assignments of error.

One of the assignments alleges the erroneous admission of certain evidence not objected to at the time of trial and not claimed to be prejudicial. There is nothing about the challenged evidence or the circumstances under which it was received which would justify treating this assignment of error as an exception to the general rule that error must be preserved by a timely objection on trial in order to be considered on appeal. *State v. Avent,* 209 Or 181, 183, 302 P2d 549; *State v. Crater,* 230 Or 513, 517, 370 P2d 700; *State v. Keller,* 240 Or 442, 446, 402 P2d 521.

The remaining assignment of error is based on the court's denial of the defendant's motion seeking an order requiring the victim to submit to a psychiatric examination. Just prior to trial defense counsel① moved for such an order. Upon inquiry as to whether or not the motion was based on the grounds of mental incompetency, defendant's counsel stated, "Well, I don't have any way of knowing whether she is competent to testify or not. There is a possibility that she is not. I don't think that this is as much a part

---

① Appellate counsel did not represent the defendant at the trial below.

of the grounds for this motion as the possibility that she is somehow ill enough to have welcomed and invited this type of conduct."[2] The court denied the motion with leave to renew it at the close of the state's case. The state's case consisted of the victim and several other witnesses, including a non-participant who was an eyewitness to the activities giving rise to the indictments. At that time the motion was renewed and again denied.

■ On appeal defendant argues that the purpose of the proposed psychiatric examination was to subject the "character" of the complaining witness to a "searching inquiry." He admits that he can find no authority supporting his position. The essence of his argument as contained in his brief is that "a charge of Rape and Sodomy is easy to make and difficult to disprove." By its very nature this thesis is speculative. An equally cogent argument to the contrary can be made—that in cases involving adults it is ordinarily difficult to prove that a sex act was the culmination of force exerted by the male rather than the mutual act of the participants.

This same question has been resolved, and we think correctly, by the California District Court of Appeals in *Ballard v. Superior Court,* 44 Cal Rptr 291. In that case defendant was a doctor charged with raping a patient. The trial court, as in the case at bar, denied a defense motion seeking a psychiatric examination of

[2] In State v. Cook, 82 Or Adv Sh 167, a companion case, the defendant Cook appealed assigning as error the trial court's refusal to require the complaining witness to be subjected to a medical examination. Cook argued that he was entitled to the examination on the issue of medical competency and physical evidence of rape. Our holding that the trial court properly denied the motion, page 175, is therefore not wholly determinative of the precise question raised here.

the victim. The California court pointed out that if a witness was willing to submit to such examination no necessity for a court order would exist, and that the results of a psychiatric examination of a witness unwilling to volunteer for such an examination would be questionable at best. It then went on, at page 294:

"\* \* \* We are also concerned with the invasion of the jury's province to evaluate the credibility of the witness by subjecting the witness' testimony to attack by expert opinion based on an interview conducted outside the presence of the jury; the prospect of a parade of experts with conflicting opinions confusing rather than enlightening the jury; the delay of and detraction from the trial of the guilt or innocence of the accused by an excursion into the mental state of the witness; and the reluctance to report such crimes which the proposed rule would instill in the timid or those unwilling to bare their souls to the world. In any event such a fundamental change in policy should come from the Legislature which has the investigative machinery to fully evaluate the proposal, specify its limits and its mode of operation. The trial court properly denied the petitioner's request in this respect."

Affirmed.

## ON PETITION FOR REHEARING

Oscar D. Howlett, Portland, for the petitioner.

Before McALLISTER, Chief Justice, and PERRY, GOODWIN, DENECKE and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

The defendant, by petition for rehearing, asks us to reconsider our ruling that the trial court properly denied his motion for an order requiring the 27-year old woman who accused the defendant of rape and sodomy to submit to a pretrial psychiatric examination for the purpose of examining into her "character." In our opinion we adopted and set forth the reasoning of the California District Court of Appeals in *Ballard v. Superior Court,* 44 Cal Rptr 291.

The defendant's petition points out that, in an opinion published at about the same time our opinion was handed down, the California Supreme Court in *Ballard v. Superior Court of San Diego County,* 49 Cal Rptr 302, held that under certain circumstances a trial court had the discretionary power to direct a psychiatric examination of the complaining witness in a sex case.

The reasoning of the California Supreme Court has

persuasive qualities① but in weighing it against that of the District Court of Appeals, we think the latter is less fraught with dangerous potential.

∎ The use of psychiatric testimony in the manner urged by the defendant would create a class of cases in which opinion evidence would, in fact, determine the credibility of witnesses. Unless the function of a jury is to find the truth, its role is devoid of substance. Often the jury can meet this obligation only by determining the credibility of witnesses. The jury system, with all its imperfections, has served society well. It has not been demonstrated that the art of psychiatry has yet developed into a science so exact as to warrant such a basic intrusion into the jury process.

The petition for rehearing is denied.

---

① Even if we were to follow the reasoning of the California Supreme Court, the defendant in the case at bar would not benefit. The opinion of the California Supreme Court says: "Such necessity would generally arise only if little or no corroboration supported the charge * * *." 49 Cal Rptr at 313. Here there were eyewitnesses, including a nonparticipant.