## No. 23016.

J. B. MINGO *v.* THE PEOPLE OF THE STATE OF COLORADO.
(468 P.2d 849)

Decided April 27, 1970.    Rehearing denied June 1, 1970.

476

DONALD P. MACDONALD, L. THOMAS WOODFORD, WILLIAM M. COHEN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, EUGENE C. CAVALIERE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

DEFENDANT, J. B. Mingo, was charged and convicted of grand larceny; also, he was charged and convicted under the Habitual Criminal Statute, C.R.S. 1963, 39-13-1. He was then sentenced to the penitentiary within the statutory limits of the penalties provided for both offenses.

Defendant was one of three individuals who partici-

pated in the alleged larceny. Inasmuch as the record shows that one of the other participants physically removed certain currency from its repository in a supermarket cash register, it became incumbent upon the prosecution to establish that the defendant was an *accessory*, and, as such, responsible as a principal.

I.

The defendant asserts that the evidence fails to disclose sufficient participation on his part to make him an *accessory*. The evidence of what occurred in the supermarket, the manner of the theft, the joint efforts of the participants to escape and the obvious division of the stolen currency constituted sufficient evidence from which the jury could infer his guilt.

It would unduly lengthen this opinion to detail the evidence and point up all the inferences which the jury could properly draw from the testimony. Suffice it to say that the evidence adequately supports the verdict.

II.

The defendant asserts that Instruction No. 5 was an incomplete and imprecise definition of "an accessory" under Colorado law. An examination reveals that the court defined "an accessory" in the language of the statute, C.R.S. 1963, 40-1-12. *Cahill v. People,* 111 Colo. 29, 137 P.2d 673.

The defendant's principal complaint seems to be that because the court failed to give an instruction on "an accessory during the fact," which is also defined in 40-1-12, and failed to define "an accessory after the fact," which is defined in 40-1-13, that the instruction given was not complete. An accessory during the fact and an accessory after the fact are separate offenses with which the defendant here was not charged and, since they are not lesser included offenses of the crime charged, it would have been error for the court to instruct on them. *Martinez v. People,* 166 Colo. 524, 444 P.2d 641. Unlike *Martinez,* we are not troubled by the addition in the instruction of that part of the statute defining "an acces-

sory during the fact." The only question here is whether by defining the offense in the language of that part of the statute which was applicable to the facts it was reasonably understandable to the jury. We hold that it was.

■ Also, the defendant failed to make a timely objection. Not having pointed out to the trial court the alleged imperfections of the instruction, we are not inclined to consider them. *Maes v. People,* 169 Colo. 200, 454 P.2d 792. Suffice it to say that the instruction defined an accessory in a manner that cannot be said to have been manifestly unfair to the defendant.

### III.

■ The defendant assigns as error the court's refusal to strike the testimony of a witness because on the day before trial she had refreshed her memory of the events of the day on which the larceny had occurred by reading the statement she had given to the police at the time of the offense. There is no merit to this assignment. *Montgomery v. Tufford,* 165 Colo. 18, 437 P.2d 36; *State v. Crater,* 230 Ore. 513, 370 P.2d 700.

### IV.

■ The defendant objected to certain statements made by the district attorney in his *voir dire* examination of the jury. The court sustained defendant's objection. In his brief, defendant asserts that the trial court erred in not instructing the jury to disregard the specific statements.

The defendant made no request at the time that the jury be admonished, nor did he request an instruction at the time the case was submitted to the jury. Under these circumstances, we will not consider the assignment. *Warren v. People,* 121 Colo. 118, 213 P.2d 381; *Foster v. People,* 56 Colo. 452, 139 P. 10.

### V.

■ The defendant asserts that an inculpatory statement was used against him even though he had not waived his right to counsel before making the statement. No objection was made to the question which produced

the statement, nor was there a motion to strike the answer. Also, the record discloses that the alleged impropriety and prejudice of the statement were not raised in the motion for new trial. Consequently, the trial court had no occasion to rule on the question of whether the defendant waived his right to counsel. Normally, under this state of the record, we would not consider the alleged error. However, because the issue is of constitutional proportions we elect to rule on the question of whether the defendant waived his constitutional right to counsel.

▮ The record discloses that within a very short period of time prior to the statement, the defendant had received *Miranda* warnings, had asked for and received sufficient money to make a telephone call from Greeley to his attorney in Denver and made a call, presumably to his attorney. Defendant had, on numerous occasions, experienced arrest and conviction of criminal offenses. The record sustains the conclusion that the defendant voluntarily, knowingly and intelligently waived his right to counsel.

The defendant relies on *Sullins v. United States*, 389 F.2d 985 (10th Cir.) in support of his no-waiver position, claiming that he did not *expressly* waive his right to counsel. *Sullins* does not represent the current state of the law in the Tenth Circuit. *Bond v. United States*, 397 F.2d 162. For further discussion of the issue, see *Billings v. People*, 171 Colo. 236, 466 P.2d 474.

VI.

The defendant asserts that:

"DEFENDANT'S CONVICTION UNDER THE HABITUAL CRIMINAL ACT WAS BASED IN PART UPON A NEVADA FELONY CONVICTION AT WHICH DEFENDANT WAS NEITHER ADVISED OF HIS RIGHT TO COUNSEL, NOR REPRESENTED BY COUNSEL. THIS NEVADA CONVICTION WAS THEREFORE UNCONSTITUTIONAL AND CANNOT BE A BASIS FOR A HABITUAL CRIMINAL CONVICTION IN COLORADO."

The defendant did not raise the issue in the trial court. The only evidence in the trial court is the documents introduced by the prosecution to establish conviction. Attached to the defendant's brief in this court is an affidavit by the defendant asserting that he was not advised of his right to counsel nor did he waive such right.

It is elementary that an appellate court, in reviewing a trial court judgment on writ of error, is limited to a consideration of matters contained in the record of the trial court proceedings, and ordinarily they will not be considered on the suggestion of counsel in the briefs. Under some circumstances the court on its own motion, to avoid manifest injustice or correct a fundamental error, *apparent* in the record, may notice error which was not properly called to the attention of the trial court. *Hernandez v. People,* 156 Colo. 23, 396 P.2d 952. Crim. P. 52. Although the record cannot be supplemented by statements in the briefs nor exhibits attached thereto, the alleged invalidity of the Nevada conviction, being constitutionally based, may be challenged by proceeding under Crim. P. 35 (b).

VII.

The prosecution, to establish that the defendant and the J. B. Mingo convicted in the United States District Court for the District of New Mexico were one and the same person, introduced into evidence, over defendant's objection, fingerprint records and photographs of the defendant. The defendant did not assign the court's ruling as error in his motion for new trial. Although we are not required to review the matter, we have examined the documents and find that they were attested in conformity with Crim. P. 27 and C.R.C.P.44 and properly admitted into evidence.

The judgment is affirmed.

Mr. Chief Justice McWilliams not participating.