Argued April 20, affirmed May 13, 1971

## STATE OF OREGON, *Respondent, v.*
## BRUCE DWANE FREEMAN, *Appellant.*

484 P2d 867

*Robert L. Ackerman,* Springfield, argued the cause for appellant. With him on the brief were Babcock & Ackerman, Springfield.

Jacob B. *Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

## THORNTON, J.

Defendant was convicted by a jury of unarmed robbery in violation of ORS 163.290. He appeals contending that the lower court erred in admitting into evidence over objection of defense counsel testimony by police of defendant's incriminating statements and acts, because defendant had initially indicated his wish to remain silent.

The escapade began in Lane County on the night of March 9, 1970, and involved the taking of an automobile, cash and certain personal items from Kenneth Williams.

The following day at about 11:25 a.m., the same automobile, in which defendant was then riding as a passenger, was stopped for speeding near Red Bluff by a California Highway Patrol officer. A second patrolman arrived a few minutes later. A check with headquarters disclosed that the car was probably stolen. The second officer gave defendant and his companion complete advice of their constitutional rights, by reading the *Miranda* rights aloud from an explanatory card, and sought to question the pair concerning the alleged auto theft and a weapon found in the car. The defendant declined to answer any questions. Both were then taken to Tehama County Jail. Defendant was placed in an interview room for questioning. The first patrolman then reminded defendant of his rights and

again sought to interrogate him. The defendant again refused to answer questions concerning the alleged auto theft or the weapon. The officer said it was possible that defendant requested an attorney. The patrolman then ceased his questioning.

On March 11, 1970, at 11:30 a.m., defendant was arraigned before the local magistrate and again completely informed of his rights, at which time he waived his rights and signed a waiver of extradition to Oregon. Oregon police, who had by this time arrived to transport defendant to Oregon, were not told of defendant's prior refusal to answer questions. After the arraignment, Oregon State Police Sergeant Winchester advised defendant of his rights by reading the same aloud to him from an explanatory card carried by the officer. Defendant signed the card and was placed in a lineup. At 5:07 p.m. defendant was again advised of his rights in the same manner and by the same officer, following which he made incriminating statements. Thereafter, while being transported from California to Oregon he was again orally reminded of his rights but notwithstanding made further incriminating statements and pointed out various locations with reference to the crime.

The trial judge, after an evidentiary hearing out of the presence of the jury, ruled that the defendant's statements were made voluntarily.

Defendant contends that because he had indicated to California police his wish not to answer questions, his later admissions to Oregon police are inadmissible. Defendant urges that *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed2d 694, 10 ALR3d 974 (1966), is controlling here. He cites several post-

*Miranda* decisions from other states[①] in support of his contention that *Miranda* requires that we must overturn this conviction because testimony concerning defendant's later statements and acts was admitted into evidence. However, the Oregon Supreme Court, post-*Miranda,* in *State v. Whitewater,* 251 Or 304, 445 P2d 594 (1968), rejected this same contention and held that a defendant who requested counsel when he was first taken before the magistrate could nevertheless, subsequently, after complete and appropriate warning, voluntarily waive his right to remain silent and answer questions put to him by police.

Here, defendant was fully advised of his rights on at least six different occasions by California and Oregon police officers and by the Tehama County magistrate. In addition, he was reminded of these same rights by the police on two further occasions. All of these warnings preceded the incriminating statements and acts complained of here.

As our Supreme Court said in *Whitewater*:

"When a defendant is fully advised of his rights and knows what he is doing, the responsibility, in the absence of some showing of coercion, rests with him. If he decided to answer questions under these circumstances without first talking to counsel or having counsel present, the evidence of his statements is admissible. *State v. Rosenberger,* 242 Or 376, 409 P2d 684; *State v. Atherton,* 242 Or 621, 410 P2d 208, cert. to US S Ct denied 384 US 1025." 251 Or at 308.

Affirmed.

---

[①] Petree v. State, 451 SW2d 461 (Ark 1970); Pierce v. State, 451 SW2d 219, 233 (Ark 1970); People v. Randall, 83 Cal Rptr 658, 464 P2d 114 (1970); People v. Fioritto, 68 Cal Rptr 817, 441 P2d 625 (1968); State v. Prosser, 235 So2d 740 (Fla 1970).