Argued April 20, affirmed May 28, 1971

STATE OF OREGON, *Respondent, v.*
BOB WAYNE LEE, *Appellant.*

485 P2d 660

*H. Thomas Evans,* Eugene, argued the cause for appellant. With him on the brief were Barber & Evans, Eugene.

*Ted E. Barbera,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

This is the third case arising out of a joint charge of unarmed robbery against this defendant and two others. The defendants were tried separately. The facts surrounding the occurrence are generally set forth in our opinions in *State v. Bruce Dwane Freeman,* 5 Or App 372, 484 P2d 867 (1971), and *State v. Larry Amos Freeman,* 4 Or App 627, 481 P2d 638

(1971), in which the convictions of the codefendants were each upheld. We supplement the facts there summarized only as necessary to the errors here asserted.

After defendant and Bruce Freeman were arrested in California they were transported together back to Oregon by police officials. On the way, Bruce Freeman, in the presence of the defendant, pointed out to the police the approximate location where the victim, Williams, was dumped from his car by Bruce Freeman and another person. The officer photographed the place and at the trial the picture was offered and received. Defendant objected to the officer's testifying to what Bruce Freeman stated as hearsay. The evidence indicated that the defendant was asleep in the back seat at that time.

He relies on ORS 136.540 (2):

"Evidence of a defendant's conduct in relation to a declaration or act of another, in the presence and within the observation of the defendant, cannot be given when the defendant's conduct occurred while he was in the custody of a peace officer unless the defendant's conduct affirmatively indicated his belief in the truth of the matter stated or implied in the declaration or act of the other person."

■ *State v. Hammack*, 233 Or 128, 377 P2d 161 (1962), and *State v. Crater*, 230 Or 513, 370 P2d 700 (1962), point out the need under such circumstances for some "affirmative" conduct. Assuming, without deciding, that there was not the requisite "affirmative conduct" here, there is no showing of prejudice. The defendant in his brief concedes, and the evidence shows, that at some point on the way to California, "Bruce Freeman drove off the Freeway, up an old road and, with Ron Pearson's help, dumped Mr. Wil-

liams out of the car." The exact point where this occurred is thus not material to any issue in the case. No prejudice to the defendant could have resulted from the admission of the photo nor of the codefendant's challenged statement to the police officer.

In *State v. McLean*, 1 Or App 147, 459 P2d 559 (1969), affirmed on review by the Supreme Court 255 Or 464, 468 P2d 521 (1970), both this court and the Supreme Court discussed at length the rule that error alone, in the absence of prejudice, does not warrant reversal. We hold accordingly that the error complained of was not prejudicial to the defendant.

■■ Defendant took the stand. During his cross-examination he claims error occurred when he was examined concerning his prior criminal record. No objection was made by defendant to the questions asked by the prosecutor of the defendant concerning his prior criminal record. Not until after the defendant had been excused did his counsel move for a mistrial. In the absence of objection we do not consider the claimed error. *State v. Shafer*, 222 Or 230, 351 P2d 941 (1960); *State v. Nichols*, 236 Or 521, 388 P2d 739 (1964). There was no abuse of the trial court's discretion in denying the motion for a mistrial. *State v. Hoffman*, 236 Or 98, 385 P2d 741 (1963).

Next, defendant claims it was error during his cross-examination to permit evidence of his unauthorized use of a gasoline credit card not his own and unlawfully obtained by him, and his forgery of its owner's name to purchase gasoline on several occasions during the flight to California.

■■ Evidence of other crimes committed during and in direct furtherance of the continuing flight of the

defendant immediately after the commission of the crime charged is admissible to prove motive and intent. *State v. Tucker,* 5 Or App 283, 483 P2d 825, Sup Ct *review denied* (1971) ; *State v. Brown,* 231 Or 297, 372 P2d 779 (1962). The evidence was admissible.

The remaining assignments of error are without merit.

The judgment is affirmed.