VIRGIL R. ALLEN *v.* STATE OF INDIANA.

[No. 472A214. Filed June 6, 1972.]

*Rice & Vanstone,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant Allen was convicted by a jury for the rape of a female under the full age of sixteen years and of harboring a child under eighteen years of age, and sentenced accordingly.

Allen, prior to the trial, made a motion for a psychiatric examination of the prosecuting witness to "determine her credibility." The motion was overruled. During the trial the motion was renewed and amended to include examination of the witness to determine competency as well. This motion was granted and the prosecutrix was thereafter examined by two qualified physicians. Following the examination, the trial court found that she was competent to testify, but did not inform the jury of the results of the examinations.

A summary of the conclusions of the examining physicians revealed that the prosecuting witness, who was fifteen years old at the time of the offense, was amoral, had an I.Q. of sixty-six and functioned mentally at an age of ten and one-half years, frequently ran away from home and "got mixed up with boys"; had according to her statements to the doctor, engaged in prostitution, and indulged in sexual fantasies. Both doctors concluded that the prosecutrix was sane and competent.

The errors complained of in this appeal are that: the trial court erred in overruling Allen's first motion for a psychiatric examination of the prosecutrix; the psychiatric examination of the prosecutrix made during the trial was not sufficiently thorough to allow a doctor to fairly and accurately formulate an opinion; the court erred in ordering the prosecutrix examined strictly to determine her competency and

not her "probable credibility" as well; and the court should have informed the jury of the results of the psychiatric examination so that they could weigh the evidence presented by the prosecutrix in view of her "probable credibility." We are of the opinion that none of these allegations presents reversible error.

Allen's primary authority in support of his position is *Burton* v. *State* (1953), 232 Ind. 246, 111 N. E. 2d 892. In that case the theory was advanced, as advocated by Dean Wigmore, that a sex offense charge should not go to a jury unless the prosecuting witness' "social history and mental make-up have been examined and testified to by a qualified physician."[1] Dean Wigmore further advocates that such an examination should be conducted for the purpose of ascertaining the witness' "probable credibility" and that a report to that effect should be presented in evidence.[2] However, Dean Wigmore also recognized in his Treatise on Evidence,[3] and the Indiana Supreme Court as well as other states have agreed, that a rule requiring any complaining witnesses in sex offense cases to undergo a psychiatric examination to determine competency or credibility would require a legislative mandate. *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649; *Lamar* v. *State* (1964), 245 Ind. 104, 195 N. E. 2d 98. Also see: *State* v. *Klueber* (1965), 81 S. D. 223, 132 N. W. 2d 847; *State* v. *Walgraeve* (1966), 243 Ore. 328, 412 P. 2d 23, reh. den. 243 Ore. 331, 413 P. 2d 609; *People* v. *Lewis* (1962), 25 Ill. 2d 442, 185 N. E. 2d 254. Thus, it was held in *Wedmore* v. *State, supra,* 237 Ind. at p. 212, that:

"... insofar as *Burton* v. *State, supra,* (1953), 232 Ind. 246, 111 N. E. 2d 892, purports to require that in any sex case the complaining witness be required to be examined, before testifying, by a psychiatrist for the purpose of examining her social history and ascertaining her probable

1. Wigmore on Evidence (3rd Ed.) Vol. III § 934a, p. 485.
2. Ibid. p. 466.
3. Ibid. p. 467.

credibility, the report of such examination to be presented in evidence, it is disapproved and overruled."

We are further in agreement with the statement in the *Wedmore* opinion that to not impose such a requirement ". . . is consistent with the rule that the credibility of a witness is a question for the trier of the facts." It is therefore, our conclusion that the trial court did not err in denying Allen's pre-trial motion for a psychiatric examination of the prosecutrix to determine her credibility.

Allen next claims error in that the psychiatric examination of the prosecutrix, pursuant to the trial court granting the second motion for examination to determine competency, was not sufficiently thorough to allow the physician to form an accurate opinion. We are not persuaded by this argument since both examining psychiatrists testified that they had sufficient time to form an accurate opinion.

Testimony of Dr. Niedermayer:

"Q. Now, are you of the opinion that 25 to 30 minutes of interviewing a person for this purpose is adequate and sufficient?

A. Yes, sir.

Q. Or do you think you could have delved more deeply into her psychiatrics, and given a more valid opinion had you been given more time?

A. You can delve in more deeply, but you can't get a more valid opinion, the amount of time and effort you spend on diagnosing a case depends on the nature of the case."

Testimony of Dr. Crudden:

"Q. Doctor, state whether in your opinion you could be more accurate and give an opinion in greater depth, had you had more time to evaluate her?

A. I don't believe I would. I gave her an examination and I checked on her history as much as I could and I don't think my opinion would change if I had more time."

It is further alleged that the trial court erred in limiting the purpose of the psychiatric examination to a determination of the prosecutrix's competency and not her credibility. *Burton* v. *State, supra,* is once again relied upon in support of this contention. Accordingly, it must be reemphasized that *Wedmore* v. *State, supra,* overruled *Burton* insofar as it purported to require a psychiatric examination of any prosecuting witness in a sex offense case for the purpose of determining probable credibility. Allen is, nonetheless, correct in his argument that *Burton* remains good law in support of the proposition that a conviction can be reversed where the *uncorroborated* testimony of the prosecuting witness, under the particular circumstances of the case, is insufficient to support the verdict. Indeed, this point of law was soundly reaffirmed in the recent case of *Easterday* v. *State* (1970), 254 Ind. 13, 256 N. E. 2d 901. In the instant case, however, the testimony of the prosecutrix was supported by an abundance of corroborating evidence, and thus, unlike *Burton* and *Easterday,* any claim of error predicated on the insufficiency of the prosecutrix's testimony is without merit.

Nor are we persuaded that *Easterday* v. *State, supra,* provides authority for requiring a prosecuting witness to be submitted to a psychiatric examination for the purpose of determining credibility. It is true, as contended by Allen, that *Easterday* held that the particular facts and circumstances of a case may require that the trial judge, in the exercise of sound judicial discretion, grant a motion for psychiatric examination of the prosecuting witness. Unlike the present case, *Easterday,* however, addressed itself strictly to the issue of whether such an examination should be required for the purpose of determining *competency.* Thus *Easterday* provides no support for Allen's argument pertaining to credibility. To the contrary, it would appear that the trial judge in the instant case acted in full accord with *Easterday* by requiring that the prosecutrix be examined for the purpose of determining her competency.

Allen's final allegation of error is concerned with whether or not the trial court erred in failing to inform the jury of the results of the psychiatric examination. It should first be pointed out that there was no attempt made by Allen's trial counsel to either place the examination reports in evidence or to call the psychiatrists as witnesses. To the contrary, it appears that prior to the court's ruling that none of the doctors' testimony would be read to the jury, counsel for Allen objected to the record of one of the doctor's testimony being read to the jury. Even if any alleged error on this question was adequately preserved, it would not provide a valid basis for reversal since, as previously determined, the trial court properly limited the examination to the issue of the witness's competency which is a matter to be determined by the trial judge and not the jury.

For the foregoing reasons, the judgment is affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 283 N. E. 2d 557.