## No. 25823

**The People of the State of Colorado v. George Fred Allen**
(523 P.2d 131)

Decided June 10, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Kenneth J. Russell, Deputy, Mary G. Allen, Deputy, for defendant-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

Appellant Allen was charged in an information with the crimes of attempted aggravated robbery and with assault with the intent to rob. He appeals his conviction of the attempt charge. We affirm.

The facts at trial showed that Allen went into a Denver supermarket at approximately 6:30 P.M. Despite the fact that it was in December, dark outside and, of course, artificially lighted inside, Allen apparently was trying to disguise himself with a pull-down hat and dark sunglasses. He was seen loitering about, and when the assistant manager — with money collected from the check-out registers — started to open the door to the cashier's cage, Allen confronted him and wrestled with him. Together, they tumbled to the floor of the cashier's cage and Allen then drew a gun. Allen was disarmed by the assistant manager, assisted by a cashier who came in response to shouts for aid. He was apprehended as he attempted to flee from the store.

When the police arrived, they handcuffed Allen and placed him in a patrol car. Contemporaneously, they informed him of his constitutional rights as set out in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In addition, Allen was presented with a waiver form which restated his rights and which further stated that he fully understood those rights. Allen signed the form and then stated, *without any solicitation by the police officers,* that he was guilty of robbery; that he had come down from Wyoming with that purpose in mind; and that he had been in jail before on a charge of robbery. The following morning, after again signing another waiver form, Allen again reiterated that he was guilty. This second statement was in response to police interrogation.

At trial, an *in camera* hearing was conducted which resulted in a finding by the trial judge that the statements were made voluntarily and in compliance with the dictates of Miranda. This ruling forms the basis of the primary question presented on appeal.

## I.

The gravamen of defendant's argument that he did not voluntarily waive his rights under *Miranda* is based on his contention that he is a semi-literate with less than normal intelligence who could not possibly understand the consequences of his waiver. We disagree with that argument. Though we recognize that there are situations where, because of intellectual deficiency, a citizen may not understand the full effects of his right to remain silent, such is not the case here.

The defendant has not pointed to any coercive police tactic which would indicate his will had been overcome before he made inculpatory statements. Rather, his only attack rests with his supposed inability to understand the legal significance of the *Miranda* waiver. In this regard, we note further that he had previously been arrested on a similar charge, that he had also been tried and convicted, and thus, was not unfamiliar with police and trial procedure. *Mingo v. People,* 171 Colo. 474, 468 P.2d 849 (1970).

■ Looking first to the statement made on the way to the police station, we hold that it was not only voluntary but was actually volunteered, since it was offered without the prompting of police questioning; it could therefore be said to be unaffected by the *Miranda* requirements. *See People v. Smith,* 179 Colo. 413, 500 P.2d 1177 (1972).

■ The second statement, albeit received and offered as a consequence of police questioning is similarly voluntary. First, though there is evidence that this defendant is not a full literate, there is also testimony to the effect that he could converse at a normal level and read and write basic phrases in the English language. At the *in camera* hearing, the defendant did not testify that he did not understand the officer's oral warnings or that he could not read both forms he signed.

We recognize that the People bear the burden of showing the incriminating statements to be the result of a fully voluntary action, *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). We believe the burden was adequately met here. The court's finding that the defendant voluntarily waived his rights is amply supported by the evidence and the statement was admissible at trial. *See Commonwealth v. Stafford,* 451 Pa. 95, 301 A.2d 600 (1973).

## II.

■ As his second argument for reversal, Allen asserts that the People failed to prove that he had the specific intent to commit aggravated robbery, aside from the inculpatory statements made to police officers. He argues from that premise that the required proof of the *corpus delicti* aside from such statements has not been borne by the People. Without reaching the merits of the second prong of defendant's argument, we hold that, independent of the statements, the People showed facts from which a jury could infer that the defendant possessed the requisite intent to commit the crime.

The inferences of intent are quite strong. The defendant made a feeble attempt to disguise himself; he waited in the

store until the assistant manager came to the cashier's cage with money collected from the cash registers; he pushed the assistant manager into the cage; he pulled a gun; he fled from the store after he was disarmed. These are not the acts of one who lacks the intent to attempt to rob.

Judgment affirmed.

MR. JUSTICE KELLEY does not participate.