Submitted on record and briefs March 27, affirmed May 30, 1978

STATE OF OREGON, *Respondent,*

*v.*

RAY ALLISON ROGERS, *Appellant.*

(No. 11045, CA 9474)

579 P2d 258

Gary D. Babcock, Public Defender, Salem, filed the brief for appellant.

Gary S. Thompson, District Attorney for Crook County, Prineville, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant pleaded guilty to a charge of driving while suspended. The prosecution recommended probation, but the trial judge sentenced the defendant to 18 months' imprisonment. Defendant appeals from the sentence under ORS 138.050 contending that the trial court did not make a statement of reasons for the sentence imposed sufficient to satisfy the requirements of ORS 137.120(2) which states in pertinent part: "The court shall state on the record the reason for the sentence imposed." At the time of sentence, the court said:

> "Well, Mr. Rogers, what concerns me about you is your attitude. I think it's commendable that at least you haven't been convicted of any drinking offense for a number of years, but you still demonstrate by your conduct, and that conduct has been going on over a long period of time, that you are going to continue to act and drive in the future in complete disregard of the law. This presentence investigation is replete with behavior of this type. This community is entitled, sir, to be protected from a person of your attitude towards law and order. If everyone acted the way that you do towards law and order, in other words of complete disdain, complete telling of the laws to go hang themselves, there simply wouldn't be any community left. This Court does not consider you a candidate for probation because of that attitude. The legislature meant what it said when they made driving while suspended a felony. It will be the sentence of this Court that you be confined to the Oregon Corrections Division for a period not to exceed 18 months. * * *"

The defendant argues that the trial judge's statement of reasons is "inadequate" and that "a general reference to the presentence report is insufficient compliance" with the statutory sentencing theme.

The trial court's stated reasons for the sentence imposed meet the statutory requirement. See *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978). There is no requirement that a trial court support a sentence

imposed by explicit reference to the presentence report.

Affirmed.