Submitted October 16, reversed and remanded for trial November 21, 1978, petition for review denied January 16, 1979, 285 Or 1

STATE OF OREGON, *Appellant,*
*v.*
WILLIAM IRVIN VELEY, *Respondent.*
(No. CR77-500, CA 10985)
586 P2d 1130

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Catherine Allan, Assistant Attorney General, Salem, filed the brief for appellant.

Gretchen R. Morris, and Fenner, Barnhisel & Morris, Corvallis, filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

Defendant was charged with contributing to the sexual delinquency of a minor. ORS 163.435. The state appeals from a pre-trial order granting defendant's motion to suppress evidence seized under a search warrant on the grounds there was no probable cause to believe the items specified in the warrant, *i.e.,* condoms, pubic hair, and semen stains, were still on the premises at the time the warrant was sought.

The affidavit for the search warrant was executed by a deputy district attorney on July 1, 1977, and was based upon the statements to the police by the complainant, a female aged 16. It contains a lengthy and detailed description of her sexual contacts with the defendant, a 35-year-old male, during the period from late February to late March, 1977. On several occasions, the complainant and defendant had sexual intercourse in the back of his automobile. On at least two of these occasions she saw defendant remove a condom from the tool box under the front seat of the car. According to the affidavit the complainant's story was corroborated by a polygraph examination and the finding of an empty prophylactic package at one of the roadside spots at which she indicated they had parked.

The affidavit stated that it was the opinion of a criminologist with the Oregon State Police Crime Detection Laboratory that a semen stain on vinyl or fabric would remain unless cleaned off or rubbed off. The affidavit further stated that it was the opinion of a prosecutor with experience in rape cases that intercourse frequently dislodges pubic hair of one or both of the parties; that such hairs tend to show that sexual activity has occurred; and that such hair might become lodged between or behind seat cushions indefinitely.

The warrant authorizing the search of the vehicle was executed on July 8, 1977. The trial court found that "[f]rom the face of the affidavit it appears that the last alleged sexual intercourse occurred not later than the end of March, 1977," over 90 days before the

application for the warrant. On that basis the trial court ruled that the information was stale.

■ The lapse of 90 days is not by itself decisive in determining probable cause. As the Oregon Supreme Court stated in *State v. Ingram,* 251 Or 324, 327, 445 P2d 503 (1968):

> "No permissible or reasonable time lapse can be specified. Whether the lapse of time is deemed to have been so long that it reasonably cannot be inferred that contraband is present at the premises will depend upon all the circumstances. * * *"

Two recent cases from this court, decided the same day, graphically illustrate this rule. *Compare State v. Kittredge/Anderson* (October 16, 1978) (facts no older than 96 hours held stale) *with State v. Black/Black* (October 16, 1978) (28-day lapse held not to render facts stale). *See United States v. Brinklow,* 560 F2d 1003 (10th Cir 1977) (11-month lapse held not to render facts stale).

■ We conclude that the facts stated in the affidavit were sufficient to support "a well-founded belief" that the articles sought would continue to be in the vehicle. *State v. Hoffman,* 15 Or App 524, 527, 516 P2d 84 (1973). The presence of pubic hairs lodged between the seats of a car and semen stains on the seats is a condition that was likely to continue for a prolonged period of time. With respect to the condoms, they are not contraband, but rather articles the continued possession of which is not illegal or unlikely. Complainant's statements were that the condoms were kept in a specific place in the car under defendant's control. Compare *State v. Kittredge/Anderson, supra.* It is reasonable to believe that the defendant would continue for some time to keep such items in that place.

The motion to suppress should have been denied.

Reversed and remanded for trial.