STATE OF OREGON, *Respondent,*
*v.*
THOMAS ANDREW JOHN, *Appellant.*
(No. J 77-2376, CA No. 10803)
587 P2d 502

B. David Thomas, Certified Law Student, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem.

[ 439 ]

Kathryn A. Logan, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

■ Defendant appeals his conviction of theft in the first degree, ORS 164.055(1)(c). His first assignment of error is that the trial court erred in refusing to give a lesser included offense instruction on second degree theft.

Neither the transcript nor the trial court file discloses that defendant requested an instruction on the purported lesser included offense before the jury was instructed. According to defendant's brief, after the jury was instructed his counsel said:

> "I would be excepting to the Court not giving the lesser included instruction of theft in the second degree."

That much is in the record. However, there is nothing in the record to show what that requested instruction was. The issue, therefore, is not properly before us and cannot be reviewed.

■ Defendant also urges that the trial court failed to state on the record its reasons for sentencing him to 30 months imprisonment as required by ORS 137.120(2). *See State v. Smith,* 34 Or App 539, 579 P2d 261 (1978); *State v. Biles,* 34 Or App 531, 579 P2d 259 (1978); *State v. Rogers,* 34 Or App 523, 579 P2d 258 (1978); *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978).

The court ordered and considered a presentence report as required by ORS 144.790. The report indicated that defendant had been convicted of two other theft-related offenses in the previous seven years. For one of those convictions he was sentenced to 18 months in the Oregon State Correctional Institution; for the other he was sentenced to one year in the county jail and was placed on two years probation. The probation period overlapped to some extent the OSCI term. While in OSCI, seven disciplinary charges were filed against defendant. In addition, the report showed that two other theft-related charges were pending against him in another state. The presentence report recommended 18 months imprisonment.

Defendant's counsel argued that he should be placed on probation. The deputy district attorney pointed out to the court that he had previously been on probation and recommended 20 to 40 months imprisonment.

In rendering the sentence the court stated to defendant on the record:

" *Your previous record* doesn't really recommend you to the court or to society. I don't know what the story is in respect to the outstanding charges in California.

"Apparently, as far as I know, there's no detainers in respect to them, so I don't know what the situation is there.

"I think I probably have no alternative in view of *the continued problems which you seem to experience in society,* Mr. John.

"It will be the judgment of the Court, Mr. John, that you be sentenced to the Corrections Division of the State of Oregon for a period of 30 months." (Emphasis supplied.)

Those comments demonstrate that the trial judge made an independent evaluation of the relevant information. Although the judge's statement of his reasons for imposing the sentence was not detailed, it was sufficiently clear viewed in light of the information presented in the record. No explicit recounting of the facts contained in the presentence report was required. *State v. Rogers, supra.* The statutory requirement was satisfied.

Affirmed.