Argued and submitted February 15, reversed and remanded
for trial April 14, reconsideration denied May 22,
petition for review denied July 2, 1980 (289 Or 337)

STATE OF OREGON,
*Appellant,*

*v.*

DONALD EUGENE KIRKPATRICK,
*Respondent.*

(No. 54692, CA 15501)

609 P2d 433

Jan P. Londahl, Assistant Attorney General,
Salem, argued the cause for appellant. With him on
the brief were James A. Redden, Attorney General,
and Walter L. Barrie, Solicitor General, Salem.

Robert T. Scott, Albany, argued the cause and filed
the brief for respondent.

[899]

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

The state appeals from the order of the trial court granting defendant's motion to suppress evidence obtained in a search of defendant's house pursuant to a warrant issued on February 22, 1979. We reverse.

The search warrant was issued on the basis of information provided by two children who lived next door to defendant. The children were brother and sister, aged 11 and 9 respectively. They had complained on several occasions to their parents, who finally contacted police, about the conduct of defendant during the previous two years. They reported that defendant had frequently appeared in front of them nude or clad only in a bathrobe which he allowed to fall open to expose his genitals; that he had masturbated in front of them; and that he had touched each of them in the crotch. They also reported that defendant had shown them pictures of people engaging in sexual activity, including a picture of defendant and a young girl engaging in an act of oral sodomy and another picture of defendant kissing the breast of a female.

On the basis of the information provided by the children, a search warrant was issued for the pictures described above and other photographs of defendant and other persons engaging in sexual conduct. Defendant's house was searched.

Defendant was indicted on April 19, 1979, and was charged with sexual abuse in the first degree. A preliminary hearing had been held on March 6, 1979. The testimony of the children at the hearing was not entirely consistent with the information set forth in the affidavit upon which the search warrant was based.

Defendant made a motion to controvert the facts alleged in the affidavit and to suppress evidence seized in the search of defendant's house. The transcript of the children's testimony at the preliminary hearing was introduced to controvert the facts in the affidavit.

It is clear from the transcript of the suppression hearing and the contentions raised on appeal that defendant's motions to controvert and to suppress are directed to the time at which the photographs were seen by the children. Specifically regarding the photographs the affidavit stated:

"[The boy] also recalled being shown eight or nine photographs by Kirkpatrick, all of which depicted some type of sexual activity.

"* * * [The boy] stated he had been shown these photographs on at least two occasions in Kirkpatrick's home, but *could not isolate the approximate time of either showing*, however he did recall that on one of these occasions his sister * * * was with him in the trailer and they had been told by Mr. Kirkpatrick to go into Kirkpatrick's bedroom and when they did they observed the photographs spread out on the bed.

"* * * * *

"[The girl] also recalled being shown by Kirkpatrick several photographs, all of which depicted sexually [*sic*] activity involving two people and one of which she remembered explicitly as depicting a young female with short hair sucking Kirkpatrick's penis. [She] said she had been shown these photographs in Kirkpatrick's residence on one occasion while she was alone with Kirkpatrick and that on another occasion she was with her brother * * *, and saw the photographs laying on Kirkpatrick's bed. She was unable to isolate during what period of time *during the two years* she and her brother have been visiting Kirkpatrick, that she had seen these photographs." (Emphasis supplied.)

At the preliminary hearing the boy testified that he had seen the pictures twice in 1977, but that the second time he saw them it was "close to '78." He testified that he believed his sister had been with him on both occasions but was not certain. The girl testified that she had been shown the pictures "a year ago," and that her brother had been with her both times. We do not find the children's testimony to be inconsistent. It was somewhat more specific in that it indicated that it had been at least a year since the

photographs were shown to them. This does not contradict the affidavit which stated that the photographs were seen within the previous two years.

The trial court found that the warrant would not have been issued if the magistrate had been aware of the length of time since the photographs were seen by the children. Although we have found the children's testimony does not controvert the facts stated in the affidavit, we must determine whether the affidavit provided sufficient basis upon which a finding of probable cause could be made.

The question of whether the lapse of time involved is too long to justify a finding of probable cause depends upon all the circumstances. *State v. Ingram*, 251 Or 324, 445 P2d 503 (1968); and *compare State v. Black/Black*, 36 Or App 613, 585 P2d 44 *rev den* (1978) *with State v. Kittredge/Anderson*, 36 Or App 603, 585 P2d 423 (1978). We note that the photographs for which the warrant was issued were not illegal in themselves, *Stanley v. Georgia*, 394 US 557, 89 S Ct 1243, 22 L Ed 2d 542 (1969). At least two of the photographs were of defendant himself. They were seen in defendant's house and under his control. In *State v. Veley*, 37 Or App 235, 586 P2d 1130 (1978), *rev den* (1979), with respect to condoms which the affidavit stated were kept in a specific place in the defendant's car under the defendant's control, we noted that the items were not contraband, "* * * but rather articles the continued possession of which is not illegal or unlikely." 37 Or App at 238.

"Staleness" is to be determined by the kind of evidence sought. *Id.* Given the information contained in the affidavit indicating the long-standing aberrant sexual behavior of defendant in relation to the two children and the fact that at least two of the photographs kept in defendant's house were of defendant himself engaged in sexual activity, we find that "* * * [i]t is reasonable to believe that the defendant would continue for some time to keep such items in that

[903]

place." *Id.* They were a part of a continuing course of conduct directed by defendant toward the two children in which he sought to involve them in sexual activity. There is reason to believe defendant would still have the photographs after two years. The warrant was properly issued and the evidence should not have been suppressed.

Reversed and remanded for trial.