Argued and submitted February 22, affirmed April 21,
reconsideration denied June 5,
petition for review denied July 2, 1980 (289 Or 337)

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD FRANK HARWOOD,
*Appellant.*

(Nos. 79-4-355, 79-6-105, 79-6-106,
79-6-107, 79-6-108, 79-6-110,
CA 15566)

609 P2d 1312

Timothy P. Alexander, Beaverton, argued the cause for appellant. With him on the brief was Myatt & Bell, Beaverton.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant appeals his conviction on five counts of rape in the first degree upon his daughter. He had been charged by two different grand juries with eight counts of rape, two counts of sexual abuse in the second degree and one count of sodomy in the first degree. One rape count was dismissed on the state's motion before trial and defendant was acquitted on the remaining charges.

Defendant assigns as error the following:

1) Failure to suppress evidence seized from defendant's home pursuant to a search warrant predicated on an affidavit which contained allegedly stale information;

2) Failure to dismiss indictments returned by the second grand jury allegedly on the same evidence presented in the first grand jury proceeding without court order as required by ORS 132.430(2);

3) Failure to dismiss indictments returned by the second grand jury because the state had failed to present defendant's allegedly exculpatory testimony given before the first grand jury;

4) Refusal to allow defendant to lay a proper foundation for impeaching the complainant with prior statements made to the grand jury;

5) Permitting expert testimony concerning the reactions of victims in positions similar to complainant's;

6) Refusal to direct a verdict in favor of defendant on one charge where the events, as described by the complainant, allegedly could not have occurred; and

7) Refusal to give jury instructions relating to the credibility of a complainant in a rape case and to the introduction of evidence less satisfactory than that which could have been adduced.

At the outset we wish to indicate that we do not reach defendant's fourth assignment of error inasmuch as it relates exclusively to the sexual abuse charges on which defendant was acquitted.[1]

### The Search Warrant

Complainant was first interviewed by police on March 1, 1979. After a 45 minute interview, an affidavit was prepared requesting a warrant to search defendant's home for certain sexual devices allegedly used on complainant within the last six months. The search was conducted on March 5, 1979. The indictments subsequently returned charging sexual abuse in the second degree by means of these devices alleged that the incidents had occurred between September 7, 1977, and June 12, 1978 (complainant's recollection was that the acts had occurred during the school year.)

Defendant filed a motion to suppress the devices seized and a motion to controvert the six month time frame stated in the affidavit. He contends on appeal that, because the time element in the affidavit was incorrect, the reference to time must be stricken and the remaining information in the affidavit is insufficient to establish probable cause that the items sought would be on the premises.

ORS 133.693(5) states that, where information in the affidavit has been controverted,

> "[t]he court shall determine whether, under applicable law, any inaccuracy, untruthfulness or lack of good faith requires suppression."

This statute was intended to incorporate case law relating to the procedure for dealing with inaccuracies in the affidavit. *State v. Hughes,* 20 Or App 493, 502 n 1, 532 P2d 818 (1975).

---

[1] The grand jury testimony of complainant was that certain sexual devices had been used on her during a particular school year. The indictment alleged that the acts occurred between September of one year and June of the following year. Before trial complainant changed her recollection and testified at trial that the acts had occurred in August before school started. This question relates exclusively to the sexual abuse charges. Any general impeachment value to defendant was minimal.

In *State v. McManus,* 267 Or 238, 251, 517 P2d 250 (1973), our Supreme Court stated the applicable procedure:

> "We hold that a statement in an affidavit supporting a warrant must be removed if it is intentionally false. Negligent statements in an affidavit need not be excised, but we require that the entire supporting affidavit be re-examined in light of the controverting statements given at the hearing. Would the magistrate as a reasonable, cautious man have issued the warrant if he had known the correct facts and drawn the correct inferences in arriving at probable cause when he issued the warrant? * * *"

The officer who prepared the affidavit here testified at the hearing that, during the brief initial interview, complainant was very reluctant to discuss any of the incidents and that he had to proceed by means of leading questions which complainant generally answered either yes or no. He admitted at the hearing that the six month time frame was incorrect. It is clear that the trial judge found that the error was not intentional. Therefore, the proper approach is not, as defendant contends, to strike all reference to the time frame but to inquire whether, had the affidavit alleged that the acts occurred between September, 1977, and June, 1978, the affidavit would support issuance of the search warrant. *Compare State v. Hughes, supra* at 501 (apparently intentional overstatements of affiant's information required the court to completely disregard those statements); *State v. Diaz,* 29 Or App 523, 525-26, 564 P2d 1066 (1977).

Assuming that the affidavit had alleged an eighteen month, as opposed to a six month, time frame, we hold that the search warrant would properly have issued. In *State v. Vely,* 37 Or App 235, 586 P2d 1130 (1978), *rev den* 285 Or 1 (1979), we held that a warrant was properly issued for a search of defendant's car for condoms and evidence of sexual intercourse alleged to have occurred in the back seat over 90 days earlier. We quoted from *State v. Ingram,* 251 Or 324, 327, 445 P2d 503 (1968):

[935]

"No permissible or reasonable time lapse can be specified. Whether the lapse of time is deemed to have been so long that it reasonably cannot be inferred that contraband is present at the premises will depend upon all the circumstances. * * *" 37 Or App at 238.

In *State v. Kirkpatrick,* 45 Or App 899, 609 P2d 433 (1980), we held that an affidavit alleging that defendant had shown obscene photographs to two children within the last two years was sufficient, given the nature of the items sought, to justify issuance of a warrant.

In this case, the sexual devices sought were not illegal to possess nor readily consumable. They are not, unlike narcotics, the object of trafficking. Under the circumstances, it was likely that the items would still be in defendant's possession despite the lapse of as much as eighteen months since their alleged use on complainant. They were therefore admissible at trial.

## The Grand Jury Proceedings

The evidence presented to the first grand jury on April 17, 1979, was the product of the 45 minute interview with complainant previously referred to. Defendant also testified. His testimony consisted of a denial of all charges and an explanation why his daughter might fabricate charges against him. Based on the evidence, the grand jury returned two indictments for rape. No action was taken on other alleged rapes. Thereafter, further interviews with complainant and other witnesses were conducted and corroborative evidence gathered which resulted in discovery of further incidents and a more accurate time-frame for the charges made by the first grand jury. This evidence was submitted to the second grand jury on June 7, 1979, which indicted on the other nine charges. Defendant did not testify before this grand jury.

Defendant argues that, under ORS 132.430(2), evidence submitted to the first grand jury could not be submitted to the second without a court order and that

his allegedly exculpatory testimony should have been made available to the second grand jury. The trial court found:

"Well, I find that there wasn't any intentional effort on the part of the District Attorney to withhold denials by the defendant, constituted by either his prior testimony in the first Grand Jury or failing to notify him of the second Grand Jury. I don't see anything improper about that, nor do I find anything unethical about it. And there is no evidence that the first Grand Jury found a not true bill on any of the alleged acts on which they acted upon [sic] and returned the indictments at the second Grand Jury. So based on what I see in the record, I overrule the motion for dismissal of the indictments returned * * *."[2]

ORS 132.430 states, in pertinent part:

"(1) When a person has been held to answer a criminal charge and the indictment in relation thereto is not found 'a true bill,' it must be indorsed 'not a true bill,' which indorsement must be signed by the foreman and filed with the clerk of the court, in whose office it shall remain a public record. * * *

"(2) When an indictment indorsed 'not a true bill' has been filed with the clerk of the court, the effect thereof is to dismiss the charge; and the same cannot be again submitted to or inquired of by the grand jury unless the court so orders."

We have held that this statute does not apply where a defendant has not been held to answer. *State v. Ranklin,* 21 Or App 721, 724, 536 P2d 538 (1975). Defendant conceded in the memorandum accompanying his motion to dismiss the indictments on this theory that he had not been taken into custody or otherwise held to answer on any charge prior to the second grand jury. Absent such a circumstance, ORS 132.340(1) does not operate. The trial court specifically found that the first grand jury had not voted on indictments other than the ones it returned. We are

---

[2] The trial court examined the notes of the first grand jury *in camera* pursuant to *State ex. rel. Johnson v. Roth,* 276 Or 883, 557 P2d 230 (1976).

bound by this finding. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). Where a person has not been held to answer, there is no requirement that a grand jury take specific action with respect to each alleged criminal act considered by it and no basis for presuming the grand jury found charges groundless on which it did not return indictments. The motion to dismiss on this ground was properly denied.

In support of the argument that his testimony should have been brought to the attention of the second grand jury, defendant relies on cases holding that the prosecution at a grand jury violates due process if it fails to make available exculpatory evidence known at the time of the proceeding. *See, e.g., United States v. Mandel,* 415 F Supp 1033, 1040-42 (D Md 1976).[3] No case, however, requires a prosecutor to present *all* evidence which may be exculpatory, only that which "clearly would have negated guilt or undermined the authority of the grand jury to act at all." *Id.* In Oregon, by statute, the state is not required to present any evidence at all for the defendant. ORS 132.320(4). We hold that the evidence in this case need not have been disclosed.

What evidence is exculpatory must be gauged according to the function of the grand jury. While it is bound by law to consider all the evidence before it

---

[3] The court in *Mandel* found no due process violation where the government did not present certain testimony contradicting allegations in the indictment. Noting that, under the normal grand jury scheme, it is not intended to be an adversary proceeding, the court stated:

"It would be difficult in the usual case for a court to know at the pretrial stage what evidence is sufficient to negate guilt. The court does not know what evidence the grand jury had before it in order to determine what further evidence it should have had. It would be an undue interference with the grand jury for a court to attempt to surmise what significance the grand jury would have attached to the testimony of various witnesses who were not called before it. Only in a case in which the evidence clearly would have negated guilt or undermined the authority of the grand jury to act at all should a court act. Otherwise, a court runs the risk of interfering too much with the grand jury process and does so largely on the basis of guessing what evidence a grand jury might have found persuasive." 415 F Supp at 1041-42.

(ORS 132.320(4)), its function is not to weigh credibility, but to determine whether all the evidence, *"if unexplained or uncontradicted,"* establishes a crime. ORS 132.390. Therefore, the prosecution need not present evidence which merely explains or contradicts, only that which objectively refutes the facts as they appear from the state's evidence. Due process does not require more. *United States v. Mandel, supra* at 1042.

Defendant in his testimony denied all charges. He offered no evidence that any of complainant's statements were *objectively* untrue. The net effect of the testimony is to challenge complainant's credibility. Unless the person charged admits guilt, he will deny the charges. A holding that the evidence here was exculpatory is tantamount to requiring the state to allow the defendant to testify whenever it is aware that he denies the charge. This would unduly burden the grand jury process. *See Loraine v. United States,* 396 F2d 335 (9th Cir 1968) (government need not produce all evidence in its possession tending to undermine credibility of its witnesses); *State v. Chang, rev'd sub nom State v. Bell,* 589 P2d 517, 524-26 (Hawaii 1978) (victim's misidentification of defendant in lineup need not have been brought to grand jury's attention).[4]

### Expert Testimony

A Children's Services Division caseworker with substantial experience working with sexually abused children was permitted to testify that it was not uncommon for children, as complainant here testified, to

---

[4] Defendant relies on *Johnson v. Superior Court of San Joaquin County,* 15 Cal 3d 248, 124 Cal Rptr 32, 539 P2d 792 (1975), in which the court held that the prosecution was obliged to present defendant's testimony to the grand jury. The testimony had previously been found persuasive by a magistrate who, following a preliminary hearing where the purpose was to determine whether there was probable cause under the Oregon system, failure of a grand jury to act on all the charges submitted to it is not analogous to dismissal of the charges by a magistrate under the California system. Failure of the grand jury to indict may have been due to the absence of precise evidence rather than defendant's denial of guilt. This court will not look behind an indictment to determine the sufficiency of the evidence. *State v. Guse,* 237 Or 479, 481, 392 P2d 257 (1964).

perceive and remember that the sexual acts had occurred during sleep. Defendant does not challenge the witness' qualifications as an expert witness but contends that this testimony amounts to expert comment on the evidence aimed at bolstering complainant's credibility.

Expert evidence relating to a witness' credibility is admissible if it goes to the ability of the witness to perceive, remember or relate. *See State v. Longoria,* 17 Or App 1, 20-21, 520 P2d 912, *rev den* (1974). Psychiatric evidence calling into question the complainant's personality or veracity is, however, an invasion of the jury's function. *State v. Walgraeve,* 243 Or 328, 333, 412 P2d 23, 413 P2d 609 (1966).

We believe the evidence here was proper. The average juror would not have experience dealing with sexually abused children and may believe accounts of this nature questionable. The evidence was that it is not uncommon for abused children to *perceive* and *remember* sexual encounters in this manner. The testimony was helpful to the jury and is admissible.[5]

### Directed Verdict

Defendant contends that one of the incidents upon which he was convicted could not have occurred as complainant described and that the trial court improperly denied his motion for judgment of acquittal on the charge. The incident in question took place one afternoon while defendant was preparing to leave on a business trip. Complainant's testimony as to the time frame of the events involved estimates based largely on the normal time at which defendant and his wife returned from work and the average time each event would have consumed. While the jury could have considered the complainant's testimony improbable

---

[5] In *State v. LeBrun,* 37 Or App 411, 415-16, 587 P2d 1044 (1978), *rev den* 286 Or 149 (1979), a Rape Victim Advocate was similarly permitted to testify concerning the usual emotional state of victims to show complainant's reaction was not uncommon. The challenge, however, was directed at the qualification of the witness as opposed to the substance of the testimony.

and acquitted defendant, it could also (as it apparently did), by allowing some deviation in the time estimates, have found the account credible. The judgment of acquittal was properly denied. ORS 136.445; *State v. Krummacher,* 269 Or 125, 137-38, 523 P2d 1009 (1974).

## *Jury Instructions*

Defendant contends that the trial court erred in failing to give two requested instructions. The first instruction reads:

> "A charge such as that made against the defendant in this case is one which is easily made, and once made, difficult to defend against, even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses. Therefore, you are instructed that the law requires that you examine the testimony of the prosecuting witness with caution."

Defendant correctly points out that this instruction was approved in *State v. Stocker,* 11 Or App 617, 619-20, 503 P2d 501 (1972), *rev den* (1973). Giving the cautionary instruction was discretionary with the trial court, however, and we do not believe the court abused its discretion in refusing to give it. *State v. Yates,* 239 Or 596, 599, 399 P2d 161 (1965).

We also believe refusal to give the "less satisfactory evidence" instruction (based on Uniform Jury Instruction No. 205.01) was not an abuse of discretion. The instruction reads:

> "In evaluating the evidence, you may consider that which was within the power of the State of Oregon to produce. If you find that weaker or less satisfactory evidence is offered by the State of Oregon and it appears to you that stronger or more satisfactory evidence is within the power of the State to produce, the evidence offered should be viewed with distrust."

Complainant's testimony indicated that defendant had placed a towel under her during several of the incidents. Defendant argued to the jury that the state

should have obtained family towels and tested them for semen stains. The testimony related apparently to instances which occurred several years before trial. Under the circumstances, refusal to give the instruction was proper.

Affirmed.