Argued and submitted July 30,
remanded for resentencing September 22, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## HAROLD JAKE HOLLAND,
*Appellant.*

### (No. 10-79-00727, CA 14482)

616 P2d 1211

Thomas L. Fagan, Eugene, argued the cause and filed the brief for appellant. With him on the brief was Fagan & Hoffman, P.C., Eugene.

William F. Gary, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Robert C. Cannon, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Defendant was convicted, after trial by jury, of sodomy in the first degree, ORS 163.405, and sexual abuse in the first degree, ORS 163.425. He was sentenced by the trial court to ten years for sodomy and five years for sexual abuse, the sentences to run concurrently. We set aside the conviction for sexual abuse and remand for resentencing on sodomy.

Defendant first contends that the trial court erred in allowing three witnesses, ages six, seven, and eight, to testify. The children were the victim, age seven, her younger sister and her older brother.

ORS 44.030(2) provides:

"The following persons are not competent witnesses:
" * * * * *

"(2) Children under 10 years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly. Whenever a child under the age of 10 years is produced as a witness, the court shall, by an examination made by itself, publicly or separate and apart with counsel present, ascertain to its own satisfaction whether the child has sufficient intelligence and sense of obligation to tell the truth to be safely admitted to testify."

Prior to trial, the trial court questioned the children thoroughly as to their ability to distinguish the truth from a lie and their sense of duty to tell the truth. The children were also subjected to extensive examination by counsel for the prosecution and defense. The trial court made the following findings:

"Appears to me that certainly as to Penny and Mary, there is no qualms about them. John, even though he is the oldest, would appear at least to me to be probably more of an intelligence level, in terms of learning ability anyway, of probably Penny or Mary. I also believe that even though he has a lack of some fund of knowledge that we might see common in children of his biological age, appears to clearly understand the difference between telling the truth

and telling the lie and he appears to me to be motivated to tell the truth.

"And the fact that he may be somewhat retarded educationally doesn't appear to me to be of sufficient impact to keep him from making an intelligent decision about what the truth is and having a sense of obligation to tell the truth. The question of weight to be given any of the testimony of the children, of course, will be that for the jury to determine in terms of competence.

"I do find that they are all competent to testify."

■■ The decision whether or not to permit the children to testify was within the discretion of the trial court, and that decision will ordinarily not be disturbed. *State v. Herrera,* 236 Or 1, 386 P2d 448 (1963); *State v. Griffin,* 19 Or App 822, 529 P2d 399 (1974). Our review of the record satisfies us that the trial court did not abuse its discretion.

■ Next, we address defendant's contention that the trial court erred in finding that defendant knowingly and voluntarily waived his previously asserted right to an attorney in confessing the offenses to police. Defendant primarily argues that the interrogating officers induced him to confess by impliedly promising him that he would receive treatment for his alcohol problems and that it would be easier on him if he cooperated. At the pretrial hearing on the admissibility of the statements, the trial court heard testimony from defendant and from officers who conducted the interrogation. The court made the following findings:

"First of all, in regard to the Miranda warnings, think the evidence is absolutely clear, uncontradicted, the Defendant was given his Miranda warnings at the times and under the circumstances as were testified to by Officers Friedemann and Antoine. Find that the Defendant understood those rights. That after having been given those rights, the Defendant did in fact talk with Officer Friedemann and did so voluntarily, without any threats or promises or inducements being made to him.

"It's also clear from the testimony that at one point the Defendant declined to talk further, indicated that he did not want to talk further until he had talked to an attorney. At that point the testimony is clear that the interrogation of the Defendant ceased. And it is also clear from the testimony that further questioning of the Defendant only took place at his instigation after Officer Friedemann had returned to the interview room after he had been reminded— asked if he recalled the Miranda warnings he had been given. That there were no actions taken by Officer Friedemann to in any way induce the Defendant to change his mind or to begin talking with her.

"In regard to the question of inducements, promises, any that may have been made subsequent to that, it's a question of credibility of the facts and circumstances. It is my belief that the State has in fact met the burden that there were no promises or inducements made to the Defendant, that he did in fact talk to Officer Smith and to Officer Friedemann freely and voluntarily, being fully advised of his Miranda rights and having waived those and not having been offered any promises or inducements or any threat of violence or other threatening conduct. I find that the statements by the Defendant are admissible."

■ If the evidence supports the trial court's findings of historical fact we will not disturb those findings. *State v. Warner,* 284 Or 147, 585 P2d 681 (1978); *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). The role of this court is to determine whether the historical facts are sufficient to sustain the trial court's ruling on the constitutional issue of voluntariness. *Ball v. Gladden, supra; see State v. Warner, supra.*

We conclude that the trial court's findings of historical fact are supported by the record, and hold that those findings are sufficient to sustain the trial court's ruling on voluntariness.

■ The state concedes that the trial court erred in entering separate convictions and sentences for both

sodomy and sexual abuse under the facts of this case.[1] Accordingly, we set aside the conviction for sexual abuse, and remand for resentencing on sodomy.

Remanded for resentencing.

---

[1] Our disposition of this assignment renders it unnecessary for this court to address defendant's remaining assignment of error.