Argued and submitted October 23, 1981, affirmed May 12,
reconsideration denied June 24,
petition for review denied July 27, 1982 (293 Or 394)

STATE OF OREGON,
*Respondent,*

*v.*

CHESTER BRUCE ROMEL,
*Appellant.*

(No. 80-10-194, 80-10-196, CA A20152)

644 P2d 643

Alice D. Ellis, Oregon City, argued the cause for appellant. On the brief was S. Lynn Parkinson and Parkinson, Fontana, Schumann & Jones, Oregon City.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his jury convictions of attempted rape in the first degree, ORS 163.375 and ORS 161.405, and sodomy in the first degree. ORS 163.405. He contends that the trial court erred (1) in holding a closed competency hearing over his objection, (2) in denying his motion for a mistrial, (3) in finding that the complaining witness was competent to testify, (4) in refusing his proffered instruction on the testimony of children and (5) in committing such an accumulation of errors as to require reversal.

■   Defendant first complains that his right to a public trial and due process were violated when the trial court conducted a closed pretrial hearing to determine the competency of the five-year-old complainant.[1] The court conducted the hearing pursuant to former ORS 44.030(2),[2] which provided in relevant part:

"*** Whenever a child under the age of 10 years is produced as a witness, the court shall, by an examination made by itself, publicly or separate and apart with counsel present, ascertain to its own satisfaction whether the child has sufficient intelligence and sense of obligation to tell the truth to be safely admitted to testify."

The guarantee of a public trial embodied in the state and federal constitutions is not absolute. *Gannett Co. v. DePasquale,* 443 US 368, 383, 99 S Ct 2898, 61 L Ed 2d 608 (1979); *State ex rel Oregonian Pub. Co. v. Deiz,* 289 Or 277, 284, 613 P2d 23 (1980); *State v. Blake,* 53 Or App 906, 911, 633 P2d 831 (1981), *appeal dismissed* 292 Or 486, 640 P2d 605 (1982). In some situations, countervailing policy concerns dictate that the right of the public and the defendant to an openly adjudicated proceeding must give way to other considerations.

---

[1] Article I, section 10, of the Oregon Constitution provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation.—"

Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial ***."

[2] Repealed by Or Laws 1981, ch 892, § 98, effective January 1, 1982.

■ We addressed a right to public trial issue closely analogous to the present one in *State v. Blake, supra.* There the defendant challenged the constitutionality of a closed pretrial hearing on the admissibility of evidence relating to the alleged victim's prior sexual conduct. *See* ORS 163.475 *(repealed* effective January 1, 1982, Or Laws 1981, chapter 892, section 98.) We held that excluding the public during the pretrial hearing did not violate the defendant's right to a public trial. 53 Or App at 920. We reasoned that the period of public exclusion authorized in the statute was narrowly circumscribed and that the protection of the victim's privacy constituted a justifiable concern of the legislature. 53 Or App at 918.

Here, equal or even more persuasive policy reasons exist for giving the judge discretion to determine in private the victim's competency to testify. Under former ORS 44.030(2), the trial judge was given the discretion to decide whether to conduct a public or private competency hearing. It is eminently reasonable to conclude that, when the prospective witness was of a tender age and the subject matter of the proceeding was of a private and emotional nature, it was constitutionally permissible for the competency hearing to be closed. As in *Blake,* the period of public exclusion here did not exceed that necessary to achieve the proper public concern for the crime victim's privacy and to provide an atmosphere most conducive to determining the child's competency. A record of the hearing was made to permit appellate review, and defendant has failed to demonstrate that the procedure employed by the trial court prejudiced his public trial rights. *See State v. Blake, supra,* 292 Or at 489 (dismissing appeal when the defendant had not demonstrated likely prejudice resulting from victim's sexual history being first reviewed *in camera.*) In exercising its discretion to conduct the competency hearing in private, the trial court did not violate defendant's constitutional right to due process and a public trial.

■ Defendant next contends that the court erred in denying his motion for a mistrial, which was made during the testimony of the state's sexual abuse expert, who testified on direct examination about the changes occuring in the victim's attitude in comparison to those of children experiencing similar sexual abuse. On cross-examination,

defense counsel questioned the witness about the possibility of "unfounded" sex abuse claims:

"Q. And are all the allegations founded?

"A. No, not totally.

"Q. There are those, in other words, that you investigate and reach some decision about a case?

"A. Yes, that's right.

"Q. And have you ever been wrong?

"A. Oh, I'm sure I have."

On redirect, the prosecutor asked, "In your opinion, were [the victim's] allegations founded?" Counsel objected, and the court sustained the objection. Immediately after the court sustained the objection, however, the witness answered, "Yes, in my opinion." Whereupon the court stated: "You can't answer the question. I sustained the objection. The jury will disregard the answer."

After denying the motion for mistrial, the court again instructed the jury to disregard the answer, emphasizing that "[o]ur law does not recognize nor allow people to give personal opinions about the truthfulness of somebody * * *." The state concedes that the witness' answer was inadmissible but contends that under the circumstances the error was not so egregious as to mandate the extreme remedy of mistrial.

The decision to grant a motion for mistrial rests in the sound discretion of the trial court. *State v. Blake, supra,* 53 Or App at 909; *Kashmir v. Patterson,* 43 Or App 45, 50, 602 P2d 294 (1979), *aff'd* 289 Or 589, 616 P2d 468 (1980). Given the court's cautionary instructions, we cannot say it abused its discretion in denying the motion. ·

■ Defendant also contends that the trial court erred in finding that the victim was competent to testify. Under former ORS 44.030(2) the court was required to determine whether the child, under ten years of age, possessed "sufficient intelligence and sense of obligation to tell the truth to be safely admitted to testify." The decision to permit a child to testify is within the discretion of the trial court, and that decision ordinarily will not be disturbed. *State v. Holland,* 48 Or App 367, 370, 616 P2d 1211 (1980); *see State v. Herrera,* 236 Or 1, 10, 386 P2d 448 (1963); *State v. Griffin,* 19 Or App 822, 529 P2d 399 (1974). Here, as the

trial court acknowledged, some of the child's answers to the court's questions were inconsistent. More importantly, however, the record supports the court's finding that the victim was "capable of receiving impressions of the facts respecting which she is to be examined about at least regarding these incidents with [the defendant]." The record also supports the court's finding that she understood her obligation to tell the truth. The trial court did not abuse its discretion in finding the child competent to testify.

■   Defendant also complains that the court erred in refusing to give a requested instruction on how to evaluate a child's testimony. At trial, the defense theory was based on the alleged inability of the child accurately to perceive, recall and relate the events at issue because of her age and susceptibility to influence. The requested instruction stated:

> "You are instructed that you should evaluate the testimony of a five year old witness in the same manner as you would evaluate the testimony of any witness, giving it only such weight and credit as you think her age and manner of testimony justify. You are cautioned that children are easily influenced by adults."

The trial court refused the instruction, thinking that it improperly commented on the evidence. Defendant contends that the Supreme Court approved a similar instruction in *State of Oregon v. Doud,* 190 Or 218, 230, 225 P2d 400 (1950). The propriety of the present instruction, however, was not at issue in *Doud.* There the instruction merely "pointed out that a child may be led and misled." 190 Or at 230. The *Doud* court did not specifically approve the instruction, but merely observed in passing that it was given without objection.

Even assuming that the instruction requested was proper, defendant must demonstrate that the court abused its discretion in refusing to give it. *State v. Harwood,* 45 Or App 931, 941, 609 P2d 1312, *rev den* 289 Or 337 (1980); *see State v. Yates,* 239 Or 596, 599, 399 P2d 161 (1965). Merely because a proposed instruction correctly states the law does not of itself compel that it be given. *State v. Rovles,* 41 Or App 653, 658, 598 P2d 1249 (1979). The trial court otherwise instructed the jury extensively on its role in evaluating the testimony of witnesses, and it adequately presented

defendant's theory of the case on the victim's credibility. *See State v. McWilliams,* 29 Or App 101, 106, 562 P2d 577, *rev den* 279 Or 1 (1977). The court did not abuse its discretion in refusing to give the requested instruction.

Defendant last contends that if we find no single error to require reversal, an accumulation of errors warrants reversal. *See United States v. McLister,* 608 F2d 785 (9th Cir 1979). The assignments of error individually and accumulatively do not warrant reversal.

Affirmed.