Argued and submitted November 21, 1983, affirmed January 18, reconsideration denied March 16, petition for review denied May 22, 1984 (297 Or 227)

# STATE OF OREGON,
*Respondent,*

*v.*

# TIMOTHY PETTIT,
*Appellant.*

## (10-81-08399; CA A26707)

675 P2d 183

Kenneth A. Morrow, P.C., Eugene, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals his conviction for sodomy in the first degree. ORS 163.405. The issues are whether the trial court erred in: (1) granting a protective order under ORS 135.873(1); (2) denying defendant's challenge of a juror for cause; and (3) permitting an expert witness to testify on matters touching on the credibility of the victim.[1] We affirm.

The victim is defendant's daughter, who was 8 years old at the time of the alleged crime and 10 years old at the time of trial. After indictment, defendant moved for discovery. ORS 135.815. The state moved for a protective order against disclosing the address of the daughter and her mother. The motion was supported by the prosecutor's affidavit:

> "Ms. Pettit has indicated to me that following the indictment of the defendant she and her daughter, Timi, moved to a new location. She further stated that she does not wish the disclosure of her new location to the defense as she and her daughter are attempting to start their lives anew. They do not wish to speak with the defendant, his attorney, or his investigator. She is fearful that any contact with the aforementioned persons will be upsetting and disruptive to her and to her daughter. She is also apprehensive about the possible abduction of her children."

The motion was granted on condition that the defense attorney and his investigator be allowed to interview the mother and child two days before the trial.

ORS 135.815(1)[2] requires the district attorney to disclose the names and addresses of persons whom he intends to call as witnesses at trial. ORS 135.815 is subject to ORS 135.873(1), which provides:

---

[1] Defendant also argues that the trial court erred in overruling defendant's objection to the state's closing argument. The assignment is without merit.

[2] ORS 135.815 provides, in part:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:

"(1) The names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.

"* * * * *"

"Upon a showing of good cause, the court may at any time order that specified disclosures be denied, restricted or deferred, or make such other order as is appropriate."

Defendant argues that, the affidavit is an insufficient "showing of good cause."

ORS 135.873 is derived in part from Rule 16(e) of the Federal Rules of Criminal Procedure. Proposed Oregon Criminal Procedure Code 191, § 328, Commentary (1972). Under the federal rule, a demonstrated need to protect the safety of witnesses and family members is an appropriate basis for issuing a protective order. *United States v. Makekau,* 429 F2d 1403 (9th Cir 1970) (threats against lives of family members). *See* Commentary, *supra.*

While the mother's fears and apprehensions might justify a protective order, there are no facts in the affidavit showing circumstances or occurrences that support those conclusions in the prosecutor's affidavit. Standing alone, and based entirely on hearsay, the prosecutor's assertions are not sufficient for denying discovery of the address as required by ORS 135.815(1). "Showing good cause" is not an idle phrase. In the context of the discovery statutes, good cause means a substantial reason—one that affords a legal excuse. *See* Black's Law Dictionary (4th ed 1951). An assumed or imaginary pretense is insufficient.

The question is whether the error was prejudicial. The trial court ordered that the victim and her mother be made available two days before trial. In response to the defendant's objection that two days would not be adequate time to prepare, the trial judge said, "I don't think you are going to run into any surprises. * * * If something does come up of that nature, you can address the court at that time." Defendant did not request a continuance, and he does not assert that he was prejudiced by unknown allegations or unexpected testimony. Instead, defendant argues that he was prejudiced by his inability to contact and interview community members in the mother's and victim's new location. The state counters by arguing that the mother and child were attempting to start a new life and would not likely tell new acquaintances about the facts of the case. The claimed prejudice stemming from nondisclosure of the address is speculative at best. We find that there is little, if any, likelihood

that disclosure of the new address of the victim and her mother would have affected the result of the trial. Accordingly, the error was harmless. *State v. McLean,* 255 Or 464, 479, 468 P2d 521 (1970).

■ Defendant's next claim of error is that the trial court abused its discretion in failing to excuse a juror for cause. ORS 136.210(1); ORCP 57D(1)(g); *Lambert v. Srs. of St. Joseph,* 277 Or 223, 560 P2d 262 (1977). When the challenge for cause was denied, defendant exercised a peremptory challenge, ORS 137.230, and the juror was excused. Defendant argues that he was prejudiced because he lost the use of a peremptory challenge and was then required to accept another juror who admitted to being prejudiced, but defendant had no peremptory challenges left.

Assuming that it was error not to excuse the first juror for cause, defendant waived the error. In *State v. Rathie, et al,* 101 Or 339, 349, 199 P 169 (1921), the court held:

"It is the rule in this state that error of the court in refusing to allow a challenge to a juror for cause is waived if the party objecting, after exhausting his peremptory challenges, accepts without objection other jurors to complete the panel."

*See also State v. Megordon,* 49 Or 259, 88 P 306 (1907). Under *Rathie,* defendant waived any error of the court in denying defendant's challenge for cause of the first juror when he failed to challenge the second juror for cause.

■ Defendant next argues that the trial court erred in allowing Dr. Brown to testify whether victims of sexual abuse (1) recall dates, (2) can relate details, (3) tell consistent stories and (4) report such incidents promptly. In *State v. Middleton,* 294 Or 427, 657 P2d 1215 (1983), the court held that the general characteristics of victims of sexual abuse are a proper subject for expert testimony. Dr. Brown was qualified as an expert and his testimony was within the confines of *Middleton.*

Affirmed.