Aruged and submitted January 23, affirmed May 9, reconsideration denied June 15, petition for review denied July 10, 1984 (297 Or 459)

# STATE OF OREGON,
*Respondent,*

v.

# JERRY DUANE MUNRO,
*Appellant.*

(82-0772; CA A27915)

680 P2d 708

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr.,

Solicitor General, and Helen M. Rockett, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals from convictions for rape, sodomy and sexual abuse, all in the first degree. He argues that the trial court erred by excluding expert testimony on the effect of the alleged victim's emotional state on her truth-telling ability. We affirm.[1]

Defendant's alleged victim was his mentally slow six-year-old daughter. Before trial, he filed a motion *in limine* requesting the trial court to rule on the admissibility of (1) expert and lay testimony as to the emotional or mental condition of the victim, (2) testimony concerning her prior sexual experiences, (3) expert and lay testimony concerning her self-destructive and lying behavior and (4) evidence that she had been physically abused in the past. The trial court denied the motion. Defendant assigns that denial as error; however, on appeal his argument focuses solely on the exclusion of testimony by Doris Beard, a licensed clinical social worker who treated the victim for four months.[2] Defendant argues that Beard's expert testimony on the victim's mental state and its effect on her ability to tell the truth would have "helped the jury to resolve the issue of [her] credibility * * *." Defendant contends that the testimony is permissible under *State v. Middleton,* 294 Or 427, 657 P2d 1215 (1983).

The state argues that Beard's testimony would introduce specific instances of the victim's conduct to show that she was not truthful and that such testimony was properly excluded under OEC 608 and *State v. Walgraeve,* 243 Or 328, 333, 412 P2d 23, 413 P2d 608 (1966). Further, the state contends that the proffered testimony was properly excluded under *State v. Middleton, supra,* because in that case the court expressly held that an expert witness may not give an opinion on whether a witness is telling the truth.

In *Middleton,* the defendant was tried for the rape of his 14-year-old daughter. At trial, he impeached the victim

---

[1] Defendant also assigns as error the denial of his motions for judgments of acquittal. We have considered that assignment and conclude that it is without merit.

[2] Our determination whether defendant's motion *in limine* was properly denied is based exclusively on our review of the trial court's action with respect to Beard's testimony. We express no view about the propriety of a pre-trial motion *in limine* procedure in respect to evidence of the kind involved here.

with her prior inconsistent reporting of the rape. The state offered testimony by a social worker, who qualified as an expert witness, to establish that inconsistent statements surrounding an incestual rape is a typical reaction of child victims of family sex abuse. In *Middleton* the court stated:

> "We expressly hold that in Oregon a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth. * * *
>
> "We hold that if a witness is accepted as an expert by the trial court, it is not error to allow testimony describing the reaction of a typical child victim of familial sexual abuse and whether a testifying victim impeached by her prior inconsistent statement reacted in the typical manner when she made that inconsistent statement." 294 Or at 438.

■■ *Middleton* permits an expert to explain a witness' "superficially bizarre behavior by identifying its emotional antecedents" (294 Or at 436) as long as the explanation does not constitute "an opinion on whether he believes a witness is telling the truth." 294 Or at 438. Apparently, an expert may testify generally about how mental or emotional factors might influence the behavior of a member of an identifiable group, such as victims of familial child abuse, even though a witness at trial belongs to the group and the expert's testimony amounts to an indirect comment on that witness' veracity. Although *Middleton* does not make clear the line between permissible and impermissible expert testimony that implicates the veracity of another witness, we conclude that such testimony is improper when it can be fairly characterized as an opinion on the veracity of a *particular* witness, rather than a general opinion on how the conduct of a witness compares with similarly situated members of an identifiable group.

■ The heart of defendant's argument in the present case is that "[t]he testimony by Ms. Beard on the child's emotional disturbance and its effect on her perceptions and truth-telling would have assisted the jury in its determination of how the child might lie or become confused in much the same way as the jury was assisted in *State v. Middleton.*" Testimony characterized in that manner would amount to giving an opinion on whether Beard believes this particular witness. Defendant informed the trial court in the pre-trial hearing that he intended to introduce Beard's testimony to help the jury to decide whether or not to believe the victim. As

it was presented to the trial court, the testimony was properly excluded. *State v. Middleton, supra,* 294 Or at 438; *State v. Walgraeve, supra,* 243 Or at at 333; *State v. Harwood,* 45 Or App 931, 939-40, 609 P2d 1312, *rev den* 289 Or 337 (1980).

Affirmed.