# STATE OF OREGON,
## *Respondent,*
### *v.*
# VINCENTE PADILLA,
## *Appellant.*
## (83-11-3365-C; CA A31978)
### 704 P2d 524

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

■ Defendant was convicted of sexual abuse in the first degree. ORS 163.425. He appeals, assigning as error admission of certain expert testimony.[1] We find no error and affirm the conviction.

The indictment charged that

"[t]he defendant, on or between September 1, 1983, and November 15, 1983, in Malheur County, Oregon did unlawfully and knowingly subject [the victim], a person of the age of 9 years, to sexual contact, by touching the vagina, a sexual part of [the victim] * * *."

Defendant was involved in a relationship with the victim's mother and either resided with her and her children or, at least, stayed in their home often. The victim testified that defendant tried to have sexual relations with her five times. She described one incident, which her mother observed. The victim was asleep, and defendant entered her room, sat on the bed, pulled up her nightgown and touched her vagina.

Defendant argues that the trial court erred in admitting certain testimony by the state's expert witness, a counselor working with sexually abused children. The witness testified before the victim did. The prosecutor asked the expert whether, on the basis of her contact with the victim and her experience and training, she was "able to form an opinion as to whether [the victim] could accurately perceive a sexual contact, and then relate that at a later time." The witness responded that it was her opinion that the victim was able to perceive and to relate accurately a sexual contact. The defense argued that such testimony was inadmissible under OEC 608(1) as an opinion of the truthfulness of the witness made before the witness' credibility had been attacked.[2]

---

[1] Defendant also assigns error to the failure of the court to give an alibi instruction. The request was oral and did not specify what the wording of the instruction would be. The error, if any, is not properly before us. *State v. Mustain,* 66 Or App 367, 372, 675 P2d 494, *rev den* 297 Or 83 (1984); *State v. John,* 37 Or App 439, 441, 587 P2d 502 (1978).

[2] Out of the presence of the jury, the trial court overruled an objection to the counselor's testimony. The objection was made on the ground that the proposed testimony would serve to bolster the victim's credibility before her credibility had been attacked. That objection was overruled with the admonition that the objection could be renewed "as we get into any specific matters." No further objection was made.

■■     Expert testimony is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue * * *." OEC 702. In most cases, the opinion of an expert is not helpful to the jury's determination of a witness' credibility. In cases involving the sexual abuse of children, expert testimony as to the child's ability to perceive and relate events may help the jury to understand and evaluate the victim's testimony. In this case, admission of the expert testimony was within the discretion of the trial court. *State v. Middleton,* 294 Or 427, 437, 657 P3d 1215 (1983); *see also People v. Dunnahoo,* 152 Cal App 3d 561, 577, 199 Cal Rptr 796 (1984).

■■     An expert witness' testimony is not admissible if it is a direct opinion as to whether he or she thinks a witness is telling the truth. *State v. Middleton, supra,* 294 Or at 438; *State v. Munro,* 68 Or App 63, 66, 680 P2d 708, *rev den* 297 Or 459 (1984). This court held in *State v. Harwood,* 45 Or App 931, 940, 609 P2d 1312, *rev den* 289 Or 337 (1980), that "[e]xpert evidence relating to a witness' credibility is admissible if it goes to the ability of the witness to perceive, remember or relate." That case is controlling here. The expert testified that the victim was able to perceive and to relate accurately a sexual contact. She did not state an opinion as to whether the victim would testify truthfully at the trial. The trial court did not err in admitting the evidence.

     Affirmed.