Argued and submitted July 24, affirmed October 2, reconsideration denied November 22, petition for review denied December 17, 1985 (300 Or 451)

STATE OF OREGON,
*Respondent,*

*v.*

DAVID BRUCE DALE,
*Appellant.*

(C84-07-32926; CA A34253)

706 P2d 1009

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Jeff Bennett, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions for sodomy and sexual abuse, both in the first degree. The issue is whether the trial court erred in admitting the testimony of a Children's Services Division child abuse specialist concerning the reaction of a typical five to seven-year-old sexual abuse victim. We affirm.

The victim was defendant's daughter. She was between the ages of five and seven when the incidents of abuse occurred. Defendant's defense was that, because she had been raised in a sexually permissive manner and had been exposed to some sexually explicit materials, she possessed enough knowledge concerning sex to fabricate her story of sodomy and sexual abuse. There was evidence that she was knowledgeable about sexual matters and that she delayed several months in reporting the incidents of abuse. Over defendant's objection, the CSD worker testified that a typical five to seven-year-old victim of sexual abuse (1) "acts out" sexually with others and is highly curious about sexual anatomy, (2) delays reporting an incident of sexual abuse and (3) does not fabricate or fantasize about sexual acts with adults as a result of exposure to sexually explicit materials.

Defendant does not challenge the CSD worker's qualifications but argues that her testimony was beyond the scope of testimony admissible under *State v. Middleton,* 294 Or 427, 657 P2d 1215 (1983). There the Supreme Court held that an expert witness may, in the trial court's discretion, testify concerning the reactions of the typical victim of familial sexual abuse. The court limited its holding:

> "* * * We expressly hold that in Oregon a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth. We reject testimony from a witness about the credibility of another witness, although we recognize some jurisdictions accept it.

> "We hold that if a witness is accepted as an expert by the trial court, it is not error to allow testimony describing the reaction of the typical child victim of familial sexual abuse and whether a testifying victim impeached by her prior inconsistent statement reacted in the typical manner when she made that inconsistent statement." 294 Or at 438. (Footnote omitted.)

The CSD worker's testimony was admissible under *Middleton*. *See State v. Pettit*, 66 Or App 575, 579, 675 P2d 183, *rev den* 297 Or 227 (1984) (testimony concerning whether victims of sexual abuse (1) recall dates, (2) can relate details, (3) tell consistent stories and (4) report such incidents promptly, admissible under *Middleton*); *see also* OEC 702. She testified only concerning the reactions of typical sexual abuse victims and did not express an opinion on whether the victim in this case was telling the truth. *Compare State v. Munro*, 68 Or App 63, 680 P2d 708, *rev den* 297 Or 459 (1984) (expert's proffered testimony concerning effect of victim's emotional and mental state on her ability to tell the truth was properly excluded, because it could be fairly characterized as an opinion on the veracity of the particular victim), *with State v. Padilla*, 74 Or App 676, 704 P2d 524 (1985) (expert testimony concerning victim's ability to perceive and relate a sexual contact was not an opinion on whether the victim would testify truthfully and was admissible).

Affirmed.